UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOSEPH ALEXANDER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:04-cv-173 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff. Because plaintiff paid the applicable filing fee, his complaint was not subject to initial screening under 28 U.S.C. § 1915. Plaintiff named the United States of America and Internal Revenue Service ("IRS") employees Dennis L. Parizek, and Kathie Sims as defendants. Plaintiff seeks an order from this court directing the United States of America "to refund the $2130.95 that plaintiff erroneously paid in 2001 income taxes." (Complaint, ¶ 1). The $2,130.95 figure corresponds to the federal income tax withheld in 2001 by plaintiff's employer. (*Id.*, Ex. A, line 37). IRS documents that plaintiff attached as exhibits to his complaint state that plaintiff owes in excess of $15,000 in taxes for the 2001 tax year. Plaintiff has not alleged nor submitted supporting documentation establishing that he paid the taxes owed for the 2001 tax year prior to filing this lawsuit .

On December 17, 2004, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (docket # 4). On December 30, 2004, the court issued an order advising plaintiff of his opportunity to file a response to defendants'

motion. (docket # 5). Plaintiff has elected not to file a response. For the reasons set forth herein, defendants' motion will be granted.

## **Applicable Standards**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004); *see also Golden v. City of Columbus*, No. 03-4252, ___ F.3d ___, 2005 WL 873321 (6th Cir. Apr. 18, 2005). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See City of Monroe Employees Ret. Sys. v. Bridgestone, Inc.*, 399 F.3d 651, 665 (6th Cir. 2005); *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir.2003). Courts are not required to conjure up unpleaded allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, No. 03-6447, 2004 WL 2320347, at * 2 (6th Cir. Sept. 20, 2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, even the lenient treatment generally given *pro se* pleadings

has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "In practice, a '. . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2005).

    Plaintiff elected to support his complaint with exhibits. Those exhibits have been considered by the court in evaluating defendants' motion to dismiss, but have not converted the defendants' motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Never Tell Farm, LLC v. Airdrie Stud, Inc.*, No. 04-5134, 2005 >WL 351135, at * 3 (6th Cir. Mar. 15, 2005).

**Facts**

    On or about April 15, 2002, plaintiff filed an individual 1040 income tax return with the Internal Revenue Service for the 2001 tax year. Plaintiff's employer, General Motors Corporation, had provided plaintiff with a W-2 for the 2001 tax year stating that plaintiff had been paid wages in excess of $47,000 and that it had withheld $2,130.95 in federal income taxes. (docket # 1, Ex. B). Plaintiff entered zeros on his tax return, asserting that he had no income, no adjusted gross income, no taxable income, and owed no taxes. Line 37 of the return reported $2,130.95 in federal tax withheld by plaintiff's employer. Plaintiff asserted on lines 42 and 43 that he was

entitled to a refund of all federal income taxes withheld. (docket # 1, Exs. A, B). On July 14, 2004, the IRS notified plaintiff that he owed in excess of 15,000 on his 2001 tax return. The IRS provided plaintiff with a detailed statement of its supporting calculations. (Ex. B). Plaintiff filed this lawsuit on October 12, 2004, seeking an order from this court compelling a refund of the $2,130.95 withheld, plus interest.

## Discussion

Plaintiff claims entitlement of a refund of all federal taxes withheld by his employer for the 2001 tax year. Plaintiff's complaint cites 26 U.S.C. § 7422 and 28 U.S.C. §§ 1331 and 1346(a)(1) as the basis of this court's jurisdiction. (Complaint, ¶ 1). The law is well-established that before initiating an action in the federal district court claiming an entitlement to a refund, a plaintiff must first pay the full amount of his tax deficiency. *See Flora v. United States*, 362 U.S. 145, 146-63 (1960); *Thomas v. United States*, 166 F.3d 825, 831 n.9 (6th Cir. 1999); *Martin v. Commissioner*, 753 F.2d 1358, 1360 (6th Cir. 1995); *see also Romp v. United States*, No. 03-4081, 2004 WL 959992, at * 2 (6th Cir. May 3, 2004); *Bouquett v. United States*, No. 96-4239, 1998 WL 69842, at * 2 (6th Cir. Feb. 10, 1998); *Erdman v. United States*, No. 85-3926, 1987 WL 36908, at * 2 (6th Cir. Mar. 31, 1987). In the absence of prior payment in full of the more than $15,000 owed for the 2001 tax year, plaintiff's complaint fails to state a claim upon which relief can be granted.

## **Conclusion**

For the reasons set forth herein, defendants' motion will be granted and all plaintiff's claims against defendants will be dismissed.


Dated: May 12, 2005                                       /s/   David W. McKeague
                                                                        David W. McKeague
                                                                        United States District Judge